USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/06

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETH RICHTER,

                    Plaintiff,

        - against -

WEBSTER HALL ENTERTAINMENT CORP.,
WEBSTER HALL RECORDS, ABC CORP. 1-5
Being fictitious Names, and JOHN
DOES 1-5 being Fictitious names,

                    Defendants.
```

**OPINION AND ORDER**
04 Civ. 2748 (PKL)

**APPEARANCES**

Bruce Boldinger, Esq.
Boldinger & Levine
1065 Route 22 West
Bridgewater, New Jersey 08801

Attorneys for Plaintiff

Richard Pawelczyk, Esq.
Webster Hall
125 East 11th Street
New York, New York 10003

Attorneys for Defendants

**LEISURE, District Judge:**

Plaintiff Beth Richter brings this tort action against Webster Hall Entertainment Corp., Webster Hall Records, and several as of yet unidentified corporate and individual defendants alleging unauthorized use of likeness, invasion of privacy, and invasion of her right to publicity. Richter alleges that during the course of her employment as a dancer at Webster Hall she was recorded without her knowledge or authorization. She further alleges the recording was altered and distorted before being publicly distributed, again without her authorization or permission. Richter seeks injunctive relief, damages of a yet to be determined amount, and punitive damages.

Defendants Webster Hall Entertainment and Webster Hall Records answered the complaint and claim no involvement in creating the DVD and that the DVD did not alter or distort Richter's likeness. Defendants further allege Richter's face was obscured by her own hat during her eleven-second appearance in the forty-five-minute DVD and that she was aware of the recording at the time it occurred.

A review of the history of the case reveals that plaintiff has engaged in a pattern of recalcitrance, failure to appear at pre-trial conferences, and dilatory tactics. Under the circumstances, the Court found it necessary to dismiss the

action under Federal Rule of Civil Procedure 41(b) for failure to prosecute, pursuant to the body of case authorities set forth below.

## BACKGROUND

From the first pre-trial conference before this Court on September 14, 2004, plaintiff has failed to pursue this claim in any meaningful way. At that conference plaintiff's counsel was admonished for sending a "pinch-hitter," a stand-in associate attorney who had little knowledge of the case, rather than the actual trial attorney, who had not yet been assigned. Nor had plaintiff's counsel communicated or otherwise discussed the case with defendants' counsel. At the conference, defendants' counsel indicated that he was investigating the propriety of a motion to dismiss for lack of subject matter jurisdiction for plaintiff's failure to allege at least the statutorily required $75,000 in damages. The Court suggested that the attorneys communicate further by letter to explore the viability of such a motion, and directed that discovery proceed.

Plaintiff then failed to appear at the second pre-trial conference on December 16, 2004. Further, defendants' counsel informed the Court that plaintiff had not responded to defendants' counsel's written correspondence regarding subject-matter jurisdiction and that plaintiff had caused discovery to stall contrary to this Court's directive that discovery move

3

ahead.  As a result, the Court issued a Memorandum Order on December 21, 2004, notifying plaintiff that her failure to prosecute her action would result in the dismissal of her case, and required that she appear at the next pre-trial conference scheduled for March 3, 2005.  (See Order, Dec. 21, 2004.)

Plaintiff's counsel did appear at the March 3, 2005 conference.  At that conference, the Court reminded plaintiff's counsel that failure to prosecute the case may result in a dismissal under Rule 41(b), and again encouraged the parties to confer regarding defendants' concerns regarding subject matter jurisdiction.  The Court then referred the case to United States Magistrate Judge Henry B. Pitman for oversight of general pre-trial discovery, and told the parties once more that the case must move ahead.  During that time defendants' counsel again contacted plaintiff's counsel to discuss the case and to attempt to move the case forward, but to no avail.

On April 4, 2006, Magistrate Judge Pitman issued an order stating that discovery should have already been completed and, accordingly, the parties were directed to file dispositive motions, if any, no later than May 5, 2006.  Judge Pitman further directed the parties to file a pretrial order by June 5, 2006, or thirty days after the decision on any dispositive motion, whichever date came later.  Judge Pitman directed plaintiff to forward a copy of the order to defendants.

After both dates had passed, the Court contacted counsel to schedule a pre-trial conference for August 9, 2006. Plaintiff's counsel failed to appear at the August 9, 2006 conference. Defendants' counsel -- who at this point had been forced to pointlessly attend three out of the four pre-trial conferences without his adversary being present, and who never received Magistrate Judge Pittman's order because plaintiff ignored the Court's direction to send him a copy -- informed the Court that plaintiff's counsel had been "asleep at the wheel" in his handling of this case. Indeed, he explained that he had recently contacted plaintiff's counsel about the case and, as a result, was asked to resend certain correspondence that had already been provided by him over sixteen months prior thereto, on March 3, 2005.

Given the numerous failings by plaintiff, and defendants' extreme patience and perseverance, the Court found it necessary to take the drastic step of dismissing the case, *sua sponte*, for failure to prosecute and failure to comply with the Court's and Judge Pittman's orders.

**DISCUSSION**

I. Involuntary Dismissal Standards

Federal Rule of Civil Procedure 41(b) allows a defendant to move for the dismissal of an action where the plaintiff fails to

5

prosecute its case.[1]  See Fed. R. Civ. P. 41(b).  While the rule's text does not articulate a district court's right to order such a dismissal *sua sponte*, that right -- developed through case law -- is now "unquestioned."  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)); see Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam) (citing Link, 370 U.S. at 630-31).  What underlies the need for the rule is the Supreme Court's recognition that it "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  Link, 370 U.S. at 629-30.  The necessity of the rule, though, is tempered by a corresponding recognition that the courts have a strong interest in allowing plaintiffs the ability to have their claims tried on the merits.  Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001) ("This Court has held that '[s]trong public policy favors resolving disputes on the merits.'") (citation omitted) (bracket in original); Cody v. Mello, 59 F.3d

---

[1] The text of the Rule is as follows:
  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
Fed. R. Civ. P. 41(b).

6

13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits."). Indeed, the Second Circuit has made clear that the involuntary dismissal of a case with prejudice is "'a harsh remedy to be utilized only in extreme situations.'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (citing Theilmann, 455 F.2d at 855).

With this precaution in mind, the Second Circuit has directed its district courts to balance the following five factors when deciding whether a case should be involuntarily dismissed: (1) the duration of plaintiff's failures; (2) whether the court gave notice to plaintiff that further delays would result in dismissal; (3) the likelihood of prejudice to the defendant by further delay; (4) whether the district judge has balanced the need to alleviate court calendar congestion with protecting a party's right to due process and a fair chance to be heard; and (5) the efficacy of lesser sanctions. Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (Leisure, J.). No single factor is dispositive, see Shannon, 186 F.3d at 194, and, ultimately, the Second Circuit will review the record as a whole to determine whether dismissal was proper, United States ex rel. Drake v. Norden Sys. Inc., 375 F.3d 248, 254 (2d Cir. 2004).

A.  Duration

This first factor is comprised of two questions: "(1) whether the failures to prosecute were those of the plaintiff[] and (2) whether these failures were of significant duration." Id. at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)); Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998); Samman v. Conyers, No. 02 Civ. 5073, 2005 WL 1414393, at *2 (S.D.N.Y. May 5, 2005) (citing Spencer, 139 F.3d at 113).

The first question is whether any or all of the delays are attributable to the defendant as opposed to the plaintiff. See Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994). Here, none of the defendants has caused any delays. For the purposes of this analysis, delays are viewed as being caused by plaintiff's "side as a whole," such that a plaintiff's failings are imputed to its attorney and vice versa. Drake, 375 F.3d at 255. Consequently, a plaintiff cannot escape responsibility for failing to prosecute his claim even if his attorney is the source of the delay. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) (holding that where a plaintiff chooses his attorney, "he cannot . . . avoid the consequences of the acts or omissions of this freely selected agent"); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (Kaufman, J.). Here, delays were caused by plaintiff's "side as a whole" -- plaintiff cannot avoid the consequences of its counsel's

8

inability to attend the Court's scheduled conferences, and failure to follow the Court's instructions or proceed with discovery.

The second question, of course, looks to the length of the delay. While there is no fixed time after which a delay becomes "unreasonable," courts have held frequently that certain delays of less than two years are unreasonable. See, e.g., Drake, 375 F.3d at 255 (seventeen-month delay in filing amended complaint); Chira, 634 F.2d at 666 (six-month delay in which plaintiff failed to prosecute his case); Ali v. A & G Co., 542 F.2d 595, 596 (2d Cir. 1976) (two-month delay in notifying court that discovery was not completed, and failure to appear for trial); Samman v. Conyers, No. 02 Civ. 5073, 2005 WL 1414393, at *2 (S.D.N.Y. May 5, 2005) (almost two year-delay in advancing discovery); In re Crysen, 166 B.R. at 551 (fourteen-month delay in applying to proceed via letters rogatory and more than six-month delay in subsequent service on deponent); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (Leisure, J.) (two-year delay with no prosecutorial effort); see also Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that dismissal has been warranted in instances where dilatory tactics go on for a matter of months or over a period of years).

In this Circuit, otherwise lengthy delays may not rise to the level of requiring dismissal where a plaintiff has a reasonable excuse for the delays. See Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986); Saylor v. Bastedo, 623 F.2d 230, 239 (2d Cir. 1980) (Friendly, J.); Krank v. Express Funding Corp., 133 F.R.D. 14, 18 (S.D.N.Y. 1990); Preston v. Mendlinger, 83 F.R.D. 198, 200 (S.D.N.Y. 1979).

In Preston, for instance, dismissal was unwarranted where, during an approximately two-year delay, plaintiffs made a good faith effort to serve the defendants, 83 F.R.D. at 200, and took other affirmative steps in advancing the case, id. at 201. Similarly, in Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001), where plaintiffs had bona fide reasons for not prosecuting their claims for fifteen months, they were not "culpably inactive" and dismissal was thus not warranted.

Whether plaintiff's unreasonably lengthy delays in this case are nonetheless excusable thus turns on whether plaintiff has offered bona fide reasons or explanations for those delays. Unlike the plaintiffs in Preston and Martens, however, plaintiff here has failed to produce any such reasonable explanations. After learning of the result of the Court's final conference in this case, plaintiff's counsel contacted the Court by telephone, claiming that he had mistakenly written in his calendar that that day's conference was scheduled for the following day, and

10

that he had been unaware of Magistrate Judge Pitman's scheduling order because the Court's electronic docketing system had failed to notify him. It is plaintiff's counsel's responsibility to proceed with a case, and to monitor the case's progress. Plaintiff's counsel's explanation points only to his own irresponsibility and poor organization. It provided no indication of a good faith effort to move the case forward. See Preston, 83 F.R.D. at 201. Moreover, counsel's explanation did not address the numerous other instances of missed conferences, failed attempts at communication by defendants' counsel, and overall dilatory behavior. Based on the history of this case as a whole, and even assuming the truth of plaintiff's counsel's assertion, this Court can reach but one conclusion: Plaintiff's counsel has been grossly remiss and his conduct totally unacceptable.

    B.    Notice

    A district court must consider whether a plaintiff received notice that further delay would result in dismissal. Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993). A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal. See, e.g., Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999); Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). However, a court is not required to give notice to a party that its

11

claim(s) face dismissal. See Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (Leisure, J.). The Court warned plaintiff that failure to move forward with its case could result in dismissal. Moreover, plaintiff was put on explicit notice by the Court's December 21, 2004 Order that it was considering the dismissal of this case if it were not diligently prosecuted. Thus, this element is met.

C.   Prejudice

Dismissal is also favored when, as a result of plaintiff's delays, the defendant is prejudiced. Where, as here, the delay is unreasonable, prejudice may be presumed as a matter of law. Peart, 992 F.2d at 462; see also Shannon, 186 F.3d at 195. The consideration of prejudice to a defendant is viewed in light of the maxim that "[t]he operative condition of . . . Rule [41(b)] is lack of due diligence on the part of the plaintiff -- not a showing by the defendant that it will be prejudiced by denial of its motion." Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956). The need to show actual prejudice may be considered "in cases of moderate or excusable neglect." Id. at 331; see also Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (citing Messenger, 231 F.2d at 331). Here, prejudice to the defendants is presumed because plaintiff's neglect was neither moderate, see Stoenescu v. Jablonsky, 162 F.R.D. 268,

12

271 (S.D.N.Y. 1995) (Sprizzo, J.), nor excusable, as discussed above.

    D.    <u>Balancing of Calendar Congestion Against Plaintiff's Right to Due Process</u>

The fourth factor considers whether a district court has struck a "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." <u>United States</u> ex rel. <u>Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 257 (2d Cir. 2004). The Second Circuit recognizes that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court," <u>Lucas v. Miles</u>, 84 F.3d 532, 535-56 (2d Cir. 1996); however, "[f]airness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)," <u>Chira v. Lockheed Aircraft Corp.</u>, 634 F.2d 664, 668 (2d Cir. 1980) (Kaufman, J.), mandates, "on rare occasions," that a court deprive a plaintiff "of his right to a trial on the merits," <u>id.</u> Indeed, where a plaintiff could have avoided dismissal by pressing its claim(s), "there can be no claim by plaintiff[] that [its] due process rights have been denied." <u>Lukensow v. Harley Cars of New York</u>, 124 F.R.D. 64, 67 (S.D.N.Y. 1989) (Leisure, J.); see <u>Feurtado v. City of New York</u>, 225 F.R.D. 474, 480 (S.D.N.Y. 2004); <u>Dodson v. Runyon</u>, 957 F. Supp. 465, 470 (S.D.N.Y. 1997).

13

Here, fairness to defendants compels the Court to dismiss this case. Any loss to plaintiff is wholly the result of plaintiff's counsel's egregious conduct.

E.   Lesser Sanctions

A district court must consider whether sanctions less severe than dismissal would be effective. Shannon v. Gen. Elec. Co., 186 F.3d 186, 196 (2d Cir. 1999). Both the plaintiff and its lawyer's actions must be considered. See, e.g., Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996), cert. denied, 520 U.S. 1156 (1997). As noted above, "[t]he primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." Id. (internal quotations omitted). The Supreme Court has held that where a plaintiff has chosen his counsel voluntarily, "he cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." Link, 370 U.S. at 633. While it seems here that plaintiff's counsel was primarily at fault in failing to move this case forward, plaintiff must bear the brunt of her choice. Prior warning of dismissal and admonishment of plaintiff's counsel for his series of failures to appear before the Court and advance his client's claims have been ineffective in motivating him to effectively prosecute this case, and thus lesser sanctions would be inadequate.

15

## CONCLUSION

For the foregoing reasons, plaintiff's claims are hereby dismissed with prejudice.

**SO ORDERED.**
**New York, New York**

~~September~~ October 12, 2006

_____
U.S.D.J.

Copies of this Order have been sent to:

Bruce Boldinger, Esq.
Boldinger & Levine
1065 Route 22 West
Bridgewater, New Jersey 08801

Richard Pawelczyk, Esq.
Webster Hall
125 East 11th Street
New York, New York 10003